**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Clinton A. Gibson, | ) | No. CV 11-08080-PCT-NVW |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Clinton A. Gibson seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits under the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.     Background**

    **A.     Factual Background**

Gibson was born on March 18, 1954. He was 53 years old as of April 23, 2007, the alleged disability onset date. He completed the eleventh grade and does not have a GED. He last worked in April 2007 as a production specialist at a computer wafer reclamation business.

Gibson has a history of depression, anxiety, and alcoholism. He has been treated for depression with multiple prescription medications and in 2007 was hospitalized for suicidal behavior. He has a noticeable right hand tremor, which improved when his psychiatric medications were reduced. He also has participated in rehabilitation programs for alcoholism and has abstained from alcohol use for as long as a year at time.

**B.  Procedural History**

On May 9, 2007, Gibson applied for disability insurance benefits, alleging disability beginning April 23, 2007. The application was denied on initial review and again on reconsideration, after which Gibson requested that his claim be heard by an ALJ. On November 19, 2007, an administrative hearing was held at which Gibson testified and was represented by counsel. On March 23, 2010, the ALJ issued his decision that Gibson was not disabled within the meaning of the Social Security Act.

On March 22, 2011, the Appeals Council denied Gibson's request for review of the ALJ's unfavorable decision, making that decision the final decision of the Commissioner. On May 19, 2011, Gibson sought judicial review of the decision pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**II.  Standard of Review**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational

interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

### III. Five-Step Sequential Evaluation Process

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). If the ALJ determines that the claimant is disabled or not disabled at any step, the ALJ does not continue to the next step. The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). If so, the claimant is not disabled and the inquiry ends. *Id.* At the step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meet or equal an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id*. If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's

residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## IV. Analysis

The ALJ found that Gibson meets the insured status requirements of the Social Security Act through December 31, 2011, and, at step one, he has not engaged in substantial gainful activity since April 23, 2007. At step two, the ALJ found that Gibson had the following severe impairments: affective disorder; anxiety disorder. At step three, the ALJ found that Gibson did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Gibson does not raise any issues related to the ALJ's determinations at the first three steps of the five-step sequential evaluation process.

The ALJ determined that Gibson:

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, unskilled work.

At step four, the ALJ determined that Gibson is unable to perform any of his past relevant work based on his residual functional capacity. At step five, the ALJ found that Gibson's ability to perform work at all exertional levels has been compromised by nonexertional limitations, but these limitations have little or no effect on the occupational base of unskilled work at all exertional levels. The ALJ concluded, therefore, considering Gibson's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Gibson could perform.

### A. Weighing Medical Source Evidence

#### 1. Legal Standard

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v.*

*Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* A treating physician's opinion is afforded great weight because such physicians are "employed to cure and [have] a greater opportunity to observe and know the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Lester,* 81 F.3d at 830. Moreover, the Commissioner must give weight to the treating physician's subjective judgments in addition to his clinical findings and interpretation of test results. *Id.* at 832-33.

Further, an examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Id.* at 830. As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Id.* at 830-31.

The opinion of a non-examining physician is not itself substantial evidence that justifies the rejection of the opinion of either a treating physician or an examining physician. *Id.* at 831. "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Factors that an ALJ may consider when evaluating any medical opinion include "the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; [and] the specialty of the physician providing the opinion." *Orn*, 495 F.3d at 631.

1    Moreover, Social Security Rules expressly require a treating source's opinion on
2 an issue of a claimant's impairment be given controlling weight if it is well-supported by
3 medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent
4 with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). If a
5 treating source's opinion is not given controlling weight, the weight that it will be given is
6 determined by length of the treatment relationship, frequency of examination, nature and
7 extent of the treatment relationship, relevant evidence supporting the opinion, consistency
8 with the record as a whole, the source's specialization, and other factors. *Id.*
9    Finding that a treating physician's opinion is not entitled to controlling weight
10 does not mean that the opinion should be rejected:

> [A] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §404.1527. . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

*Orn*, 495 F.3d at 631-32 (quoting Social Security Ruling 96-2p). Where there is a conflict between the opinion of a treating physician and an examining physician, the ALJ may not reject the opinion of the treating physician without setting forth specific, legitimate reasons supported by substantial evidence in the record. *Id.* at 632.

### 2. The ALJ Did Not Err in Weighing Medical Source Opinion Evidence.

Gibson contends the ALJ erred by giving "no weight" to the opinions of treating psychiatrist Dr. Edward Gogek, but the ALJ provided two specific, legitimate reasons for doing so. First, the ALJ properly rejected Dr. Gogek's March 13, 2009 and December 11, 2009 opinions that Gibson was disabled because the issue of disability is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1).

Second, the ALJ rejected Dr. Gogek's conclusion that Gibson was disabled because it is not consistent with the objective record as a whole, including Dr. Gogek's treatment notes. The ALJ specifically identified the following assessments by Dr. Gogek on April 4, 2008, that are inconsistent with finding Gibson "disabled," but which "comport with the consultative examiner's opinion that the claimant is capable of performing simple, unskilled work": no evidence of limitation in ability to understand and remember one or two step instructions, no evidence of limitation in ability to remember locations and work-like procedures, moderate limitation in ability to carry out simple one or two step instructions, and moderate limitation in ability to maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, be aware of normal hazards and take appropriate precautions, and make simple work-related decisions. Although Dr. Gogek assessed Gibson as having marked limitation in a number of abilities, many of those are not required to perform simple, unskilled work, *e.g.*, the ability to carry out detailed instructions.

Gibson particularly criticizes the ALJ for references to his drinking, which he interprets as failing to distinguish between causation and correlation, *i.e.*, failing to consider that Gibson's depression and anxiety leads to his drinking rather than the opposite. Gibson correctly states that the ALJ is not qualified to make medical judgments regarding whether he is able to function when he abstains from alcohol if the treatment notes do not state that. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (hearing examiner who was not qualified as a medical expert should not have gone outside the record). But the ALJ did not independently form a medical opinion that Gibson is able to function when he abstains from alcohol. Rather, he summarized Dr. Gogek's treatment notes as indicating "that when the claimant abstains from alcohol and is compliant with his medications he is able to function." The ALJ found that Dr. Gogek's opinion that Gibson "was disabled and his ongoing drug and alcohol abuse were not material to his disability" conflicts with Dr. Gogek's treatment notes, which "indicate

that the claimant did well when not drinking and when using his prescription medications as prescribed."

Dr. Gogek's opinion that Gibson is disabled is contradicted by the opinion of Stephen Gill, Ph.D., a licensed psychologist, who performed a psychiatric consultative examination on February 17, 2010, after the administrative hearing. Dr. Gill opined that Gibson was capable of performing simple, unskilled work. Because the ALJ provided specific, legitimate reasons supported by substantial evidence in the record, he did not err by rejecting Dr. Gogek's contradicted opinion.

**B.**     **Subjective Symptom Testimony**

**1.**     **Legal Standard**

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a lack of credibility finding, the ALJ is required to point to specific facts in the record that demonstrate that Gibson's symptoms are less severe than he claims. *Id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

To be found credible regarding subjective pain or fatigue, a claimant is not required to: (1) produce objective medical evidence of the pain or fatigue itself, or the severity thereof; (2) produce objective medical evidence of the causal relationship

- 8 -

between the medically determinable impairment and the symptom; or (3) show that his impairment could reasonably be expected to cause the severity of the alleged symptom, only that it could reasonably have caused some degree of the symptom. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

### 2. The ALJ Did Not Err by Finding Gibson's Subjective Symptom Testimony Not Fully Credible.

Gibson contends that the ALJ erred by not properly weighing his subjective complaints. The ALJ found that Gibson's medically determinable impairments could reasonably be expected to cause the symptoms he alleges, but his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment. Gibson stated that he is unable to work because he has extreme anxiety and depression. The ALJ found, "[T]he claimant's alleged limitations are not supported by either the claimant's own self-reported activities of daily living or by the results of the tests administered to him by the consultative examiner, Doctor Gill."

Gibson concedes that the ALJ may consider his activities of daily living in evaluating his credibility regarding his limitations, but argues that "activities so minimal in their mental and physical demands are irrelevant to the issue of a claimant's capacity to function on a sustained basis during a 40-hour work week." However, Gibson does not contend he has exertional limitations, and the residual functional capacity assessment requires only minimal mental demands.

In his application for disability insurance, Gibson stated that severe depression and anxiety limited his ability to work. Regarding how these illnesses or conditions limited his ability to work, Gibson responded, "Tremors, unable to get things organized because my anxiety level is high, panic attacks, trouble concentrating and remembering things." At the administrative hearing, Gibson testified that he was able to drive, his tremors had improved since his medications were adjusted, he had recently become able to go grocery

- 9 -

shopping, and he had memory problems. Trouble concentrating and remembering things would not preclude performing simple, unskilled work. Moreover, when tested by Dr. Gill, Gibson was able to carry out short and simple instructions a majority of the time and understand and remember simple instructions some of the time. Thus, the record supports the ALJ's determination that to the extent Gibson claims his depression and anxiety prevent him from doing simple, unskilled work, his subjective symptom testimony is less than credible.

IT IS THEREFORE ORDERED affirming the final decision of the Commissioner of Social Security denying Clinton A. Gibson disability benefits.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendant against Plaintiff and that Plaintiff take nothing. The Clerk shall terminate this action.

DATED this 3rd day of February, 2012.

_____
Neil V. Wake
United States District Judge